## NORTH OHIO MOTOR CO v FERGUSON

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10551.  Decided May, 1930

Baker, Hostetler & Sidlo and Lockwood & Thompson, all of Cleveland, for Motor Co.

Melville W. Vickery, Cleveland, for Ferguson.

MIDDLETON, PJ and MAUCK, J (4th Dist) and SHERICK, J (5th Dist) sitting.

SHERICK, J.

We hold it to be a settled rule of the law of agency that where a deviation by a servant is so substantial as to amount to a departure from the master's employment, the employer cannot be held liable. This was the ruling in the early English case of Mitchell vs Crasweller, 13 C. B. 235, the facts of which are very similar to the case at bar. The rule as announced in that case has been repeatedly followed in practically all jurisdictions and is recognized and re-stated in **Highbee Co vs. Jackson, 101 OS. 75**, wherein the court said "It is a fundamental principle that in order to create a liability in a principal for the act of his agent, the acts complained of must have been committed while the servant was acting within the scope of his employment. It must be shown first, that the agent was at the time engaged in serving the principal; second, that the act complained of was within the socpe of the agent's employment."

The question has received more recent consideration by the Sixth and Eighth District Court of Appeals in this State in the case of **Weber vs Herman, 24 Oh Ap 393**, and in **Denny vs Royal Indemnity Co. 26 Oh Ap 566**, wherein the principle has been affirmed.

To our notion the facts in this case and all reasonable inferences that may be predicated thereon can lead but to one ultimate reasonable conclusion, that being that the employee, Elam, was upon a frolic of his own without being at all on the master's business. He was ordered to get and bring the car to the employer's garage; he was not empowered to deviate therefrom; and it seems to this court to be unjust that a servant may be given the liberty of anticipating and extending his master's explicit direction. If he may advance such a reason for his departure as is offered herein, we see no reason why other and more trivial reasons might not be advanced. It is not for the agent to define the limit of his employment or what shall be the principal's business, in that he may thereby impose liability on his master for his own wrongful acts, occurring during his departure.

Elam was due at the garage at 8 A. M. but by his own testimony he secured possession of the car at 7:05 A. M. He was at the porter's residence at the hour of 7:45 A. M. when he knew that the garage was regularly opened at 7:30 A. M. Had he procured the automobile at an earlier hour, say at 5 o'clock there might have been some warrant or authority for procuring the garage key, but in the instant case we can see no such warrant. By his own testimony he had possession of the car from 7:05 to 10:00 o'clock to do a service which should reasonably have been accomplished and performed in ten minutes.

This court therefore concludes that at the time of the accident, the agent was not engaged in serving his master and that he was not then acting within the scope of his employment; that his departure was more than a mere deviation from his principal's instructions; and that the rule of respondeat superior can have no application or be invoked as against the defendant company.

In view of the judgment of this court as herein expressed the other errors claimed become immaterial. The motion for a directed verdict should have been sustained and it was error prejudicial to the rights of the plaintiffs in error to otherwise hold.

The jugment of the trial court is consequently reversed and final judgment entered in favor of plaintiff in error. Exceptions may be preserved.

Middleton, PJ, and Mauck, J, concur.