## LOMBARDI v SILVER

Ohio Appeals, 5th Dist, Stark Co

No 1898. Decided Oct 16, 1940

### OPINION

By LEMERT, J.

In this action the plaintiff-appellant brought an action against the defendant-appellee alleging that the defendant was doing business as the Canton Sterilized Wiping Company, and that on or about the 17th day of December, 1938, at or about the hour of 8:30 p. m., the appellant was driving and operating an automobile on Eleventh Street, S. E., in the city of Canton, Ohio.

That while he was operating his automobile in a westerly direction on Eleventh Street, S. E., the defendant's truck was being driven by an employee of the defendant in a northerly direction on Liberty Street, S. E.; said Liberty Street runs in a general northerly and southerly direction.

That after striking appellant's automobile, the defendant's truck proceeded northwardly on Liberty Street, S. E., and came to a stop. That the appellant, as a result of the impact, sustained some injuries to his spine and other parts of his body.

The defendant filed an answer admitting that he was doing business as the

Canton Sterilized Wiping Cloth Company, admitted that the streets were duly dedicated public streets, and appellee's truck collided at the time and place aforesaid, but denied every other allegation, and further alleged that if the plaintiff sustained any injuries, it was cause solely by his own negligence while driving and operating his automobile at said time and place.

On the day in question, to-wit: the 17th day of December, 1938, at 4:30 o'clock p. m., the defendant ordered his truck driver, Floyd Brower, to take the defendant's truck and drive the same up to the defendant's house on Twenty-third, N. W., and pick up some rubbish and haul the same to a dump and dispose of it, and then take the truck to the Allegheny Garage on Walnut Avenue, N. E., and place the same there for the night.

However, the truck driver, after disposing of the rubbish at the dump, proceeded to go on a series of errands of his own business and while so doing had the accident which caused this law suit. The testimony in the record as brought out by the plaintiff in their case was that the truck driver, after disposing of the rubbish, took the truck and drove it to a barber shop, and from the barber shop, he went to a saloon and got his pay check cashed.

The truck driver then proceeded to go to a poultry market and bought a chicken for his Sunday dinner, and then proceeded to a grocery store to buy groceries. He went from there to an insurance agent's home to make a payment on his health and accident policy, and was then driving the truck to the truck driver's home where he was going to leave the various articles that he had purchased as aforesaid.

While the truck driver was enroute from the insurance agent's home to the truck driver's own home, the truck driver ran through a stop sign into and against the automobile of the plaintiff-appellant.

The sole question arising in this case is whether or not the truck driver was acting within the scope of his employment at the time of the accident, so as to make the defendant-appellee responsible for any injuries that might have been caused if the truck driver was negligent.

Sometime before the trial of this case, the plaintiff-appellant's attorney secured the following signed statement from the defendant-appellee, which said statement was offered in evidence by the plaintiff, and reads as follows:

STATEMENT

"This is to certify that Floyd Brower, on or about the 17th day of December, 1938, was instructed to drive our truck to the Allegheny Garage and before he arrived at the garage, Mr. Brower had an accident with the automobile of Mr. Lombardi at the intersection of 11th St. and Liberty Street, S. E., Canton, Ohio; that Mr. Brower, while operating said truck, was in the employ of the Canton Sterilized Wiping Cloth Co. and in my employ.

(Signed) M. S. SILVER,
Prop."

The fact that the statement, signed by the defendant and offered in evidence by the plaintiff, admits that at the time of the accident the truck driver was in the employ of the defendant, does not prove agency so as to render this defendant liable for the act of the truck diver, because the statement does not state that at the time of the accident the truck driver was in the defendant's employ and acting within the scope of his employment.

It has been repeatedly held that a servant or employee can be working during the day in the employ of his master and yet be doing an act entirely beyond the scope of his employment, so as to relieve the master or principal for the negligence committed by the servant; especially is this true when the servant was doing something entirely for his own benefit, and not in any way connected with his master's employment.

A long list of authorities might be cited to support the foregoing, but we believe it is so well settled that numerous authorities are not necessary. In the 22 Ohio Circuit Courts Reports, p. 585, Syllabus 1:

"A chauffeur who turns aside from a journey undertaken for and at the direction of his master, and drives one mile out of his course on business of his own and while so doing injures a pedestrian, after which he returns to his original route and continues on the journey for his master, was not acting within the scope of his employment during the detour and at the time of the accident to the pedestrian."

Syllabus 2:

"Whether an employee was within the scope of his employment at a given time becomes a question for the jury only when the facts in issue are in dispute; if there is no question of fact to be passed upon, the matter is one of law and should be determined by the court."

In **8 Abs 493**, it is held:
Syllabus 1. "AUTOMOBILES. — (50 Na2) Employe, who was ordered to get car from customer and bring it to employer's garage, and had accident while he was going out of his way to get key to garage, which key he did not need, and while he was carrying passenger he had picked up, held not to be within scope of employment."

Syllabus 2. "In order to hold employer liable, it must be shown, first, that the agent was at the time engaged in serving the principal; second, that the act complained of was in the scope of the agent's employment. Employe not permitted to deviate from or enlarge upon his instructions."

As further authority on the above, we cite **20 O. C. C. Reports 182:**

"When an employee of the owner of an automobile steps aside from his employment and uses his employer's automobile for his own purposes alone, during which use he negligently injures another, the employer is not liable for such injuries."

**82 Oh St page 18:**

Syllabus 1. "The owner of an automobile is not liable in an action for damages for injuries to or death of a third person caused by the negligence of an employe in the operation of the automobile, unless it is proven that the employe, at the time, was engaged upon his employer's business and acting within the scope of his employment."

In view of the law as above set forth as we understand it, and the undisputed facts in this case, we are of the opinion that the trial court correctly and rightfully directed a verdict in favor of the defendant.

Judgment is affirmed. Exceptions may be noted.

SHERICK, PJ. & MONTGOMERY, J., concur.